IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD STEWART, | Civil No. 3:20-cv-803 |
| Petitioner | (Judge Mariani) |
| v. | |
| SCOTT FINLEY, | |
| Respondent | |

FILED
SCRANTON
OCT 13 2021
PER _____
DEPUTY CLERK

## MEMORANDUM

Petitioner Richard Stewart ("Stewart") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the validity of his conviction and sentence entered in the United States District Court for the Northern District of New York. (Doc. 1). For the reasons set forth below, the Court will deny the petition.

**I.  Background**

On May 9, 2002, a grand jury in the Northern District of New York issued a one-count superseding indictment charging Stewart with possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). *See United States v. Stewart*, No. 5:02-CR-15, Doc. 26 (N.D.N.Y.). The superseding indictment noted Stewart's history of three or more previous felony convictions, each of which were punishable by prison terms exceeding one year. *Id.* A jury trial was held in September 2002. *Id.*, Docs. 49, 70, 77, 79. At trial, Stewart stipulated that he was a convicted felon at the time he possessed the firearm. *Id.*, Doc. 69; Doc. 115 at 2-6, Transcript of Jury Trial, N.T. 2:22-6:5. On September 18, 2002, a jury

convicted Stewart of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g). *Id.*, Doc. 80. On March 11, 2003, the United States District Court for the Northern District of New York sentenced Stewart to a total term of imprisonment of 293 months. *Id.*, Doc. 105 at 14-15, N.T. 14:8-15:5. Subsequently, the United States Court of Appeals for the Second Circuit affirmed Stewart's judgment of conviction. *Id.*, Doc. 132.

Stewart filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 alleging, *inter alia*, that trial counsel was ineffective for failing to object to the trial court's instruction that the jury did not need to find that Stewart knew his prohibited status to convict him of being a felon in possession of firearm. *Id.*, Doc. 131; *see also Stewart v. United States*, No. 5:05-CV-1136 (N.D.N.Y.), Docs. 1, 9. The sentencing court denied the § 2255 motion and denied Stewart's application for a certificate of appealability. *Id.*, Docs. 23, 25. The Second Circuit denied Stewart's request for a certificate of appealability. *Id.*, Doc. 29.

On July 26, 2016, the Second Circuit granted Stewart leave to file a successive § 2255 motion based on the United States Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). *See Stewart*, No. 5:02-CR-15, Doc. 140. On August 28, 2020, the Northern District of New York denied Stewart's § 2255 motion and denied his request to amend the § 2255 motion in light of the United States Supreme Court's decision in *Rehaif v. United States*, 588 U.S. ——, 139 S.Ct. 2191, 204 L.Ed.2d 594 (2019). *Id.*, Docs. 138, 164.

2

Stewart filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 alleging that his conviction under 18 U.S.C. § 922(g) is invalid based on *Rehaif*. (Doc. 1). The petition is ripe for resolution.

## II.  Discussion

Stewart seeks to dismiss his 18 U.S.C. § 922(g) conviction based on *Rehaif*.[1] (Doc. 1). Stewart asserts that his conviction is invalid under *Rehaif* on the following grounds: (1) the government failed to prove that he knew, at the time he possessed the firearm, that he belonged to the relevant category of persons barred from possessing a firearm, and (2) the jury was not properly instructed on the knowledge-of-status element. (*Id.* at p. 6).

Section 922(g)(1) prohibits an individual "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" from possessing firearms. 18 U.S.C. § 922(g)(1). Section 924(a)(2) provides that anyone who "knowingly violates" that provision is subject to imprisonment for up to ten (10) years. *See id.* § 924(a)(2). In *Rehaif*, the Supreme Court held that "the word 'knowingly' applies both to the defendant's conduct and to the defendant's status." *Rehaif*, 139 S. Ct. at 2194. Accordingly, to convict an individual of violating Section 922(g), "the Government . . . must

---

[1]  Respondent "maintains that Stewart's petition should be dismissed for lack of jurisdiction, [but] [] acknowledges that binding circuit precedent vests this Court with jurisdiction," and, therefore, has addressed Stewart's claim on the merits. (Doc. 14, p. 8). The Court concludes that it has jurisdiction over Stewart's *Rehaif* claim. *See In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) (holding that *Rehaif* "did not set forth a new rule of constitutional law as contemplated by § 2255(h)", and, thus, a second or successive § 2255 motion would not be permitted based on *Rehaif*). Accordingly, the Court will permit Stewart to proceed on his § 2241 petition and will consider the merits of his claim.

3

show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Id.*

Thus, the Court must consider whether Stewart was properly convicted under § 922(g) where, post-*Rehaif*, the government must now prove that a defendant charged with violating 18 U.S.C. § 922(g) both "knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200. Stewart relies on *Rehaif* to assert that he is innocent of the § 922(g) charge. Actual innocence claims "under § 2241 are to be initially tested against the more relaxed (but still stringent) actual innocence gateway standard." *Bruce v. Warden Lewisburg* USP, 868 F.3d 170, 184 (3d Cir. 2017). Thus, Stewart must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citation omitted). Actual innocence, however, refers to "factual innocence, not mere legal insufficiency." *Id.* A habeas court, therefore, must make its determination "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Schlup v. Delo*, 513 U.S. 298, 328, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (citation omitted).

Importantly, the government was not required to prove that Stewart specifically knew that he was prohibited from possessing firearms. *See United States v. Boyd*, 999 F.3d 171,

4

——, slip op. at 17-18 (3d Cir. May 28, 2021) (noting that knowledge that one "could not legally possess a firearm" is "a bar far higher than the Government's actual burden" (citing *Rehaif*, 139 S.Ct. at 2198; *United States v. Kaspereit*, 994 F.3d 1202, 1208 (10th Cir. 2021)); *United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020); *United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019)). Rather, under *Rehaif*, the government must prove that a defendant knew, at the time he possessed the firearm, that he had one of the statuses described in Section 922(g), such as a prior felony conviction. *Rehaif*, 139 S.Ct. at 2200.

At trial, the government did not offer any evidence related to Stewart's past convictions. Instead, the court instructed the jury as follows:

> The fact that [Stewart] was convicted of a crime punishable by a term of more than one year is stipulated to, so while that's an element of the crime, of the charge here, it's something both parties agree exists as a fact, so you can accept that as a fact.
>
> . . .
>
> The government must prove each of the following elements beyond a reasonable doubt in order to sustain its burden of proving the defendant guilty. First, that the defendant was convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year. Secondly, that the defendant knowingly possessed the firearm, as charged. And third, that the possession charge was in or affecting interstate commerce.
>
> As to the first element, the parties have stipulated that the government need not produce any evidence. The stipulation has been set forth, and, thus, the element has been satisfied.
>
> It is stipulated prior to the time that the defendant has alleged to have possessed the weapon claimed in the indictment. I instruct you again, this is stipulated to and you must accept it as a fact.

*Stewart*, No. 5:02-CR-15, Doc. 116, p. 14, N.T. 152:5-9; Doc. 118, pp. 64-65, N.T. 498:17-499:7; *see also* Doc. 115, pp. 2-6, N.T. 2:22-6:5. The stipulation establishes that Stewart not only knew of his prohibited status when he agreed to the stipulation, but also knew of his prohibited status prior to the time he possessed the weapon that is the subject of the indictment. In *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020), the Third Circuit Court of Appeals held that a defendant's stipulation demonstrated that "he knew he was a felon at the time he signed the stipulation; [but,] based on the stipulation only, it cannot rightly be said that he knew of his status as a felon when he possessed the firearms at issue." *Nasir*, 982 F.3d at 172. The court emphasized that the defendant "stipulated only that he was a felon; he did not stipulate to his state of knowledge at the time of the alleged crime." *Id.* at 172 n.34. Ultimately, the court vacated Nasir's conviction as a felon in possession of a firearm and remanded the matter for a new trial, holding that the government's failure to prove the defendant knew he was a felon was plain error. *Id.* at 170-77. Subsequently, the United States Supreme Court has suggested a stipulation may be sufficient evidence of knowledge of status in *Greer v. United States*, ---- U.S. ------, 141 S.Ct. 2090, 210 L.Ed.2d 121, 2021 WL 2405146 (June 14, 2021). In rejecting *Rehaif* claims raised on direct appeal by two defendants convicted of felon-in-possession charges, the Court noted that the defendants' prior convictions, one of which was established at trial by stipulation, were "substantial evidence that they knew they were felons." *Greer*, 2021 WL 2405146, at *4, ---- U.S. ------, 141 S.Ct. 2090, 210 L.Ed.2d 121. The Court observed that "demonstrating

6

prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" *Id.* at *4-5 (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020)).

Here, the Court need not determine whether a prior-felony stipulation that does not explicitly speak to knowledge is sufficient to satisfy *Rehaif* because the record is replete with evidence, in addition to the stipulation, that demonstrates Stewart's knowledge of his status as a convicted felon. The Court finds that the stipulation, coupled with the other evidence of record set forth below, strongly suggests that Stewart knew of his status as a convicted felon when he possessed the firearm and that the jury would have convicted if they were instructed on the knowledge-of-status element. *See Rehaif*, 139 S.Ct. at 2198 (a defendant's "knowledge can be inferred from circumstantial evidence") (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994)).

First, Stewart was previously convicted of at least five felony offenses. (Doc. 13, Presentence Report). In January 1980, Stewart was convicted of breaking and entering a building at night with the intent to commit a felony conviction, and possession of burglary tools, in the Boston Municipal Court in Boston, Massachusetts. (*Id.* ¶ 33). He was sentenced to two years imprisonment, with one year suspended. (*Id.*). In April 1980, Stewart was convicted of third-degree burglary, in the Madison County Court in Wampsville, New York. (*Id.* ¶ 34). He was sentenced to up to four years imprisonment. (*Id.*). In August 1984, Stewart was convicted of second-degree robbery, in the Oneida County Court in

7

Utica, New York. (*Id.* ¶ 36). He was sentenced to three to six years imprisonment. (*Id.*). In December 1984, Stewart was convicted of two first-degree robbery convictions, in the Onondaga County Court in Syracuse, New York. (*Id.* ¶¶ 38, 39). He was sentenced to concurrent five-to-ten-year terms of imprisonment. (*Id.*). All of these felony convictions were listed in the presentence report. *Id.* The government could have offered certified copies of these prior convictions as exhibits in Stewart's federal trial.

Next, the superseding indictment in Stewart's federal case noted that he had been convicted of three or more prior felony convictions and charged him with knowingly possessing a firearm as a convicted felon. *See Stewart*, No. 5:02-CR-15, Doc. 26. Count one enumerated the charging statute, 18 U.S.C. § 922(g)(1). *Id.* The essential elements of a felon-in-possession charge under 18 U.S.C. § 922(g)(1) are: "It shall be unlawful for any person—who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess any firearm. *Id.* § 922(g)(1). The superseding indictment sufficiently alleged the scienter element of the offense by tracking the language of the underlying statute and charging that, on October 26, 2000, Stewart knowingly possessed a firearm as a convicted felon. *See United States v. Stevenson*, 832 F.3d 412, 424 (3d Cir. 2016) (holding that an indictment will generally pass muster if it identifies the statute allegedly violated, tracks the statutory language, and identifies the time period of the alleged violation) (citations omitted).

A reasonable and properly instructed jury would very likely and reasonably conclude that Stewart knew, at the time he possessed the firearm on October 26, 2000, that he had previously been convicted of crimes punishable by more than one year in prison. There is ample evidence that could have been produced at trial to demonstrate Stewart's qualification under § 922(g). The state court judgments, the federal superseding indictment, the stipulation, and presentence report establish that Stewart was convicted of offenses punishable for more than one year in prison. Moreover, in his traverse, Stewart does not necessarily deny that he knew of his status as a felon, but instead argues that the Court should not consider his presentence report, which details each felony conviction. (Doc. 18 at pp. 15-19). Additionally, in his traverse, Stewart states that "[t]he stipulation also does not express anything about Stewart's knowledge of his prohibited status. And it arguably goes more to the fact that his status was still prohibited on October 26, 2000, than it does to whether he knew that fact. This is not to say that the stipulation presents zero evidence going to the 'knowledge of status' element, but simply to point out that its evidence is clearly underwhelming." (*Id.* at p. 29). Based on the evidence detailing Stewart's multiple prior felony convictions, and the numerous years he served in prison, he cannot rightly argue that he was unaware of his felon status. *See Greer*, 141 S.Ct. 2090, 2021 WL 2405146, at *7 (holding that on direct appeal "a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."). The Court

9

concludes that Stewart has not demonstrated that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" of the Section 922(g) offense. *Bousley*, 523 U.S. at 623, 118 S.Ct. 1604. Accordingly, he is not entitled to relief under *Rehaif*, and his § 2241 petition will be denied.

## III. Conclusion

For the reasons set forth above, the Court will deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: October 11, 2021